IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL F. CHAVEZ,

        Petitioner,

                                  Case No. 1:17-cv-00871-KG-KRS

v.

GERMAN FRANCO, Warden;
and STATE OF NEW MEXICO,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Michael Chavez, an inmate confined at the Penitentiary of New Mexico, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. On August 9, 2011, Chavez pleaded guilty to two counts of felony murder, N.M. Stat. Ann. § 30-2-1(A)(2). (Doc. 15-1, at 3-6). The state court sentenced Chavez to concurrent terms of life in prison. (Doc. 15-1, at 1-2). As grounds for collateral relief, Chavez claims: (1) his plea was involuntary; (2) the evidence against him was unlawfully seized; (3) police interrogated him after he invoked his right to remain silent; (4) his trial and habeas counsel were constitutionally ineffective; and (5) the trial judge was biased. (Doc. 1). Respondents argue that these claims are barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitation, 28 U.S.C. § 2241. (Doc. 15). Although Chavez initially claimed AEDPA's year stopped while his first federal habeas case was under consideration, he now concedes that this earlier proceeding did not toll the limitations period for the claims now before this Court. (Docs. 16, 17, 18). As a result, the sole issue is whether the doctrine of equitable tolling saves Chavez's concededly untimely petition.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted). Equitable tolling is appropriate "only in rare and exceptional circumstances." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). At bottom, Chavez blames his state post-conviction attorney for failing to present all grounds for collateral relief to the New Mexico Supreme Court. If counsel had done so, then the instant claims would not have expired before Chavez had the opportunity to return to the state court to exhaust them. And since learning of counsel's failure, Chavez says, he has acted diligently by immediately seeking relief in the state court and refiling his petition here.

Although "serious misconduct" by post-conviction counsel may constitute an extraordinary circumstance beyond a habeas petitioner's control, a "garden variety claim of excusable neglect" by the attorney does not satisfy the rare-and-exceptional-circumstance standard for tolling. *See Holland*, 560 U.S. at 649. Whether tolling applies, therefore, depends on specific facts showing more than mere attorney negligence. Here, Chavez has not carried his burden. Merely blaming an attorney without "evidence demonstrating that despite [Chavez's] diligence, his attorney acted extraordinarily in failing [to present all Chavez's alleged grounds for habeas relief]" is insufficient. *Santini v. Clements*, 498 F. App'x 807, 810 (10th Cir. 2012). Without details, the Court is left to speculate what communication Chavez had with his attorney and what direction, if any, Chavez gave to post-conviction counsel. Chavez's assignment of blame does not excuse his failure to timely file the instant petition for habeas corpus.[1]

---

[1] The cases on which Chavez relies do not change the analysis. Both *York v. Galetka*, 314 F.3d 522 (10th Cir. 2003) and *Duncan v. Walker*, 533 U.S. 167 (2001) addressed the sweeping changes Congress's enactment of AEDPA made and confusion created as to whether a pending federal habeas corpus case tolled the limitations period. *York* addressed a perceived injustice as the federal courts transitioned to *Duncan*'s holding that a pending federal case did

**IT IS, THEREFORE, RECOMMENDED** that Chavez's petition for habeas corpus be **DISMISSED with prejudice** as untimely.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED.  PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**

---

not toll AEDPA's year.  *Duncan*'s rule has been firmly established for nearly two decades now and does not present the same equity concerns in this case.  In any event, *neither York nor Duncan* excuses a habeas petitioner from providing the factual basis for the alleged attorney misconduct that is the claimed basis for equitable tolling.