IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL F. CHAVEZ,

    Petitioner,

vs.                                                   No. CV 17-871 KG/KRS

GERMAN FRANCO, Warden;
and STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 20)

Petitioner Michael F. Chavez timely filed Objections on January 17, 2019 (Doc. 21) to United States Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition (PFRD), filed January 4, 2019 (Doc. 20). The Magistrate Judge recommends denying Chavez's federal habeas petition, brought under 28 U.S.C. § 2254, for being time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations, 28 U.S.C. § 2244(d)(1). (Doc. 20). The only issue is whether Chavez's petition may be deemed timely under the doctrine of equitable tolling. Having conducted a *de novo* review, the Court finds Chavez's Objections (Doc. 21) to be without merit.

"[O]bjections to the . . . report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a Magistrate Judge's proposed findings and recommended disposition, "[t]he district judge must determine de novo any part of the . . . [recommended] disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition[.]" Fed. R. Civ. P. 72(b)(3); *see also* 28

U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the . . . recommendations to which objection is made.").

Chavez objects to the PFRD and argues that equitable tolling applies because his post-conviction lawyer committed numerous errors, resulting in a defective, though timely, first federal habeas petition. (Doc. 21) at 2. Chavez also asserts that he is entitled to equitable tolling based on post-conviction counsel's errors. (*Id.*).

The one-year statute of limitations period may be equitably tolled in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2002) (quotation omitted). Equitable tolling is warranted when, for example, "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent," *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), or "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursued judicial remedies but files a defective pleading during the statutory period," *Gibson*, 232 F.3d at 808.

For equitable tolling, to apply here Chavez must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). In his Objections, Chavez argues that post-conviction counsel in the state court was materially deficient, and that Chavez has diligently pursued his federal habeas claim. (Doc. 21). Chavez also argues that his trial counsel was ineffective and that his plea was not knowing and voluntary. (*Id.*)

The Magistrate Judge noted that "serious misconduct by post-conviction counsel may constitute an extraordinary circumstance beyond a habeas petition's control," but "mere attorney

2

negligence" does not constitute an exceptional circumstance. (Doc. 20) at 2. The Magistrate Judge concluded that "[w]ithout details, the Court is left to speculate what communication Chavez had with his attorney and what direction, if any, Chavez gave to post-conviction counsel. Chavez's assignment of blame does not excuse his failure to timely file the instate petition for habeas corpus." (*Id.*)

As to Chavez's claim of post-conviction attorney misconduct, the Tenth Circuit has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (recognizing that attorney's negligence or mistake is not generally basis for equitable tolling).

The Court accepts that Chavez diligently pursued his claims. However, Chavez provided no additional information in his Objections that would allow the Court to conclude that Chavez experienced "exceptional circumstances." Post-conviction counsel's failure to exhaust all available claims during the applicable period constitutes mere negligence. The Court overrules Chavez's Objections and finds that he is not entitled to equitable tolling.

Even if the Court were to find that equitable tolling applies, Chavez's Objections are self-defeating. As Chavez notes, "[a]ll claims presented [in this habeas petition] are tied together by the ineffectiveness of [his trial] attorney." (Doc. 21) at 6. Chavez previously brought a federal habeas petition in 2015 and raised claims for ineffective assistance of trial counsel, and other claims that were not exhausted. *Chavez v. Franco*, Civ. No. 15-701 WJ/GBW. In that case, the court allowed Chavez to voluntarily dismiss the unexhausted claims and present them to the state court, but addressed the merits of and rejected his ineffective assistance of trial counsel claim. *Chavez v. Franco*, Civ. No. 15-701 WJ/GBW, ECF. No. 15 (Feb. 17, 2016).

Chavez's ineffective assistance of trial counsel claims was rejected on the merits. Chavez may not relitigate that issue in a second petition.

Finally, because Chavez's claims lack merit, the Court denies a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

IT IS, THEREFORE, ORDERED THAT:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 4, 2019 (Doc. 20), is adopted;

2. Petitioner Michael Chavez's Objections, filed January 17, 2019 (Doc. 21), are overruled;

3. Petitioner Michael Chavez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed August 23, 2017 (Doc. 1) is denied; and

4. A certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE